# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

DAVID BALLEGOS,

    Petitioner,

v.                                                                        Civil No. 01-838 MV/WWD

JOE WILLIAMS, et al.,

    Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION
### Proposed Findings

    1. THIS MATTER comes before the Court upon Respondent's Motion to Dismiss, filed August 27, 2001 **(Doc. 10)**. No response has been filed to date. Mr. Ballegos has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is currently incarcerated and is proceeding *pro se* and *in forma pauperis*. In February 1982, Petitioner pled to murder in the first degree, armed robbery, aggravated burglary with a deadly weapon, residential burglary and larceny, and is currently confined pursuant to the judgment, sentence and commitment of the Second Judicial District in the County of Bernalillo. Ans., Ex. A.

    2. Petitioner alleges a violation of his due process rights and ineffective assistance of counsel based on counsel's advising him that he would get good time credit off the thirty-year minimum sentence he was required to serve for first degree murder. He states that his good time was revoked in 1988 when the state attorney general issued an interpretation of the law governing calculation of good time for life sentences, Pet., Aff.A, and that he would not have entered into the plea agreement had he known that his good time credits would be revoked. Petitioner also

claims that his guilty plea was not voluntary because his confession was not voluntary.

3. Under 28 U.S.C. § 2244(d)(1)(A), a person in custody pursuant to the judgment of a state court has one year from the date the judgment became final to file an application for writ of habeas corpus pursuant to § 2254. This one-year limitation period was added to the statute by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which took effect on April 24, 1996. Petitioners whose convictions became final before this effective date were given a grace period to file their federal habeas petitions by April 23, 1997. See United States v. Simmonds, 111 F.3d 737, 746 (10th Cir.1997) (addressing § 2255 petitions). Under AEDPA, the time during which a petitioner has a properly filed application for state post-conviction review pending is not counted toward the limitation period. Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999).

4. Because he was convicted before AEDPA became effective, Mr. Ballegos receives the benefit of the grace period, making his federal habeas petition due by April 23, 1997. Nevertheless, the Government argues that the petition is time-barred under the one-year statute of limitations period as set out in the AEDPA.

5. Mr. Ballegos pled guilty and was sentenced on April 20, 1982. He did not directly appeal his conviction and sentence. Petitioner filed a state habeas petition on March 27, 1989, which was denied on February 28, 1990, but did not seek review of the denial in the state supreme court. Ans., Exs. E & H.

6. In this case, the one-year grace period is not tolled since no collateral proceedings were pending in state court during that time. Thus, the instant petition is time-barred because it was

2

not filed on or before April 23, 1997.[1]

7. Respondent offers an alternative basis for dismissal: that Mr. Ballegos' claims are unexhausted and are therefore procedurally defaulted. Failure to raise the claims in the instant petition on either direct appeal or in his first state post-conviction proceeding renders them procedurally defaulted. See Jackson v. Shanks, 143 F.3d 1313 (10th Cir. 1998) (failure to raise claims either on direct appeal or in his state petition for post-conviction relief would be considered a waiver of those claims by New Mexico courts); State v. Gillihan, 86 N.M. 439, 440 (1974) (assertions in a second or successive post-conviction proceeding which could have been asserted in a prior proceeding are deemed waived). I find that Petitioner's claims would be procedurally barred even if his consideration of his federal petition were not precluded by the one-year limitations period.

8. Petitioner has not presented, nor do I find that any of the equitable tolling provisions of § 2242(d)(2) are implicated. Accordingly, federal review of the present petition is barred because it is untimely under 28 U.S.C. § 2244(d)(1)(A). and Respondent's Motion to Dismiss should be granted.

**Recommendation**

I recommend that Respondent's Motion to Dismiss **(Doc. 10)** be GRANTED, that Petitioner's application for Writ of Habeas Corpus be DENIED, and that this cause be

---

[1] Even if one were to assume that Petitioner could not have known of the facts underlying the basis for the claims in his federal petition until 1988, the April 23, 1997 deadline would remain unchanged. See 28 U.S.C. § 2244(d)(1)(D) ("the limitations period shall run from the latest of. . . the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence").

DISMISSED WITH PREJUDICE IN ITS ENTIRETY.  Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections with the clerk of the district court within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE